******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

TOWN OF MONROE ET AL. *v.* SCOTT OSTROSKY
(AC 40976)

DiPentima, C. J., and Bright and Beach, Js.

*Syllabus*

The defendant appealed to this court from the judgment of the trial court denying his motion to open and vacate the court's prior judgment that had been rendered in favor of the plaintiff town and several of its agencies and employees. The defendant owned property that was located in the plaintiff town and an adjacent town. The plaintiffs commenced the present action after the defendant failed to comply with two cease and desist orders, which alleged violations of zoning and inland wetlands regulations. The present action was consolidated with a nearly identical action brought by the adjacent town and several of its agencies and employees, and the cases shared the same pertinent history in the trial court and in this court. *Held* that the defendant could not prevail on his claim that he did not have notice of, and an opportunity to be heard at, an evidentiary hearing, this court having addressed and fully resolved a similar claim raised by the adjacent town in the companion case of *Newtown* v. *Ostrosky* (191 Conn. App. 450), which was also decided by this court today.

Argued January 7—officially released July 30, 2019

*Procedural History*

Action, in the first case, for, inter alia, a temporary and permanent injunction requiring the defendant to comply with certain cease and desist orders, and for other relief, brought to the Superior Court in the judicial district of Danbury and transferred to the judicial district of Fairfield, and action, in the second case, for, inter alia, a temporary and permanent injunction requiring the defendant to comply with certain cease and desist orders, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the cases were consolidated and tried to the court, *Hon. Richard P. Gilardi*, judge trial referee; judgment for the plaintiffs in the second case; thereafter, the court granted the motion for contempt filed by the plaintiffs in both cases and awarded damages to the plaintiffs in the second case; subsequently, the court awarded damages, attorney's fees and costs to the plaintiffs in the second case; thereafter, the court, *Radcliffe, J.*, denied the motion to open and vacate the judgment filed by the defendant in the second case, and the defendant in the second case appealed to this court. *Affirmed.*

*Robert M. Fleischer*, for the appellant (defendant in the second case).

*Jeremy F. Hayden*, with whom, on the brief, was *John P. Fracassini*, for the appellees (plaintiffs in the second case).

*Opinion*

PER CURIAM. The defendant, Scott Ostrosky, appeals from the judgment of the trial court denying his motion to open and to vacate the court's judgment in favor of the plaintiffs, the town of Monroe and several of its agencies and employees.[1] The defendant claims that he did not have notice of and an opportunity to be heard at an evidentiary hearing. We affirm the judgment of the trial court.

The defendant owns property that is located in the towns of Monroe and Newtown. The town of Monroe served two cease and desist orders on the defendant on May 14, 2013, which orders alleged violations of zoning and inland wetlands regulations. The defendant failed to comply, and the plaintiffs served a summons and complaint dated February 20, 2014. In April, 2014, this case was consolidated with the nearly identical case of *Newtown* v. *Ostrosky*, Superior Court, judicial district of Fairfield, Docket No. CV-14-6041984-S.

The cases brought by the towns of Newtown and Monroe, and the towns' various agencies and employees, thereafter shared the same pertinent history in the trial court and in this court. The cases were argued before this court on the same day. Parts II and III of our opinion in *Newtown* v. *Ostrosky*, 191 Conn. App. 450,     A.3d     (2019), together with the factual discussion therein, fully resolve the issues presented in this case, and no useful purpose would be served by repetition here.

The judgment is affirmed.

[1] The plaintiffs are the town of Monroe, the Planning and Zoning Commission of the Town of Monroe, the Inland Wetlands Commission of the Town of Monroe, and Joseph Chapman, the town of Monroe land use enforcement officer.